**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Victor B. Perkins, | Civ. No. 21-2210 (SRN/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Kallis, Warden, | |
| Respondent. | |

In 1989, petitioner Victor B. Perkins pleaded guilty under 18 U.S.C. § 871(a) in the United States District Court for the Eastern District of Michigan after threatening President Ronald Reagan. *See Perkins v. Roy*, No. 04-CR-75095-DT, 2005 WL 1529742, at *1 (E.D. Mich. June 23, 2005). Perkins was released from prison a few years later. Upon his release, however, the federal government initiated civil-commitment proceedings against Perkins in the United States District Court for the Eastern District of North Carolina under 18 U.S.C. § 4246 on the grounds that Perkins's release would create a substantial risk of bodily injury or serious damage to property of others. *See United States v. Perkins*, No. 5:92-HC-0654 (E.D.N.C. filed October 2, 1992). Perkins was ordered civilly committed under § 4246 shortly thereafter, *see id.*, and he has remained civilly committed for much of the period since then. Today, Perkins is detained at the Federal Medical Center in Rochester, Minnesota.

Perkins has filed a petition for a writ of habeas corpus challenging his ongoing civil commitment on the grounds that the sentence imposed for his 1989 criminal

1

conviction was unlawful. Perkins's argument goes as follows: Because he pleaded guilty to the offense, Perkins was eligible to a three-point reduction in offense level under the United States Sentencing Guidelines then in effect. *See* U.S.S.G. § 3E1.1 (1989).[1] Had he received that three-point reduction in offense level, Perkins argues, he would have received a shorter term of imprisonment. Had he received a shorter term of imprisonment for the criminal offense, Perkins continues, he would have already been released from prison at the time that the government initiated civil-commitment proceedings under § 4246. And had he been released from prison earlier, Perkins concludes, the government could not have initiated the civil-commitment proceedings at the time that it did. *See* 18 U.S.C. § 4246(a) (requiring that proceedings under § 4246(a) be initiated at the time that the sentence of the person in custody is about the expire).

The habeas petition filed by Perkins is now before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] After review, this Court concludes that the petition should be denied and this matter dismissed.

Perkins's habeas petition may be read as seeking to challenge either (or both) of two separate legal proceedings: the 1989 criminal proceedings in the Eastern District of

---

[1]   The specific edition of the Sentencing Guidelines in effect at the time of Perkins's sentencing is not precisely clear from the record available to the Court. But the acceptance-of-responsibility provision at issue, U.S.S.G. § 3E1.1, was substantially similar (or identical) in each of the 1988, 1989, 1990, and 1991 editions of the Sentencing Guidelines.

[2]   Perkins's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

Michigan, and the 1992 civil-commitment proceedings in the Eastern District of North Carolina. To the extent that Perkins seeks to relitigate the legality of his 1989 criminal conviction in this habeas proceeding, his challenge fails for at least two reasons. First, under 28 U.S.C. § 2241(c), a writ of habeas corpus may issue only where the petitioner is "in custody." Although Perkins does remain in custody, it is only due to the civil proceedings; the direct consequences of the judgment entered in the criminal matter ended long ago.[3] Second, the exclusive-remedy rule of 28 U.S.C. § 2255(e) provides that habeas corpus relief is unavailable to petitioners seeking to challenge a federal conviction or sentence unless the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." Perkins offers no reason to believe that § 2255 was inadequate or ineffective to test the legality of the trial court's decision not to apply a three-point reduction in offense level for acceptance of responsibility. For each of these reasons, Perkins cannot now attack the legality of the 1989 criminal proceedings through a habeas petition.

Neither of these two hurdles applies to the habeas petition insofar as it challenges the legality of Perkins's ongoing civil commitment; Perkins remains "in custody" because of that commitment, *see* 28 U.S.C. § 2241(c), and because that custody is not imposed pursuant to a criminal sentence, § 2255 does not offer a procedural vehicle through which to challenge the legality of that custody, *see United States v. Foy*, 803

---

[3] In extraordinarily rare circumstances, a petitioner may attack a conviction or sentence *after* his release from custody through a petition for a writ of coram nobis. *See Baranski v. United States*, 880 F.3d 951, 954-55 (8th Cir. 2018). But this District would not be the correct venue for such a petition in Perkins's case. *Id*.

F.3d 128, 135 (3d Cir. 2015) (citing *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004)). Nevertheless, this aspect of Perkins's habeas petition should also be denied, again for at least two reasons.

First, the new habeas petition constitutes an abuse of the writ. "[W]here a prisoner files a [habeas] petition raising grounds that were available but not relied upon in a prior petition, . . . the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Johnson v. U.S. Parole Commission*, No. 07-CV-4910 (RHK/SRN), 2008 WL 227656, at *2 (D. Minn. Jan. 28, 2008) (quotation and emphasis omitted); *accord Esposito v. Ashcroft*, 392 F.3d 549, 550-51 (2nd Cir. 2004) (applying abuse-of-the-writ doctrine in affirming dismissal of habeas petition). Perkins has filed *many* habeas petitions over the years challenging the legality of his civil commitment. *See, e.g.*, *Perkins v. Carter*, No. 6:99-CV-3728 (RGC) (W.D. Mo. filed July 29, 1999); *Perkins v. Hedricks*, No. 6:01-CV-3387 (DW) (W.D. Mo. filed July 30, 2001); *Perkins v. Hedrick*, No. 6:03-CV-3377 (SOW) (W.D. Mo. Oct. 22, 2003); *Perkins v. Jett*, No. 11-CV-0326 (PAM/FLN) (D. Minn. filed Feb. 9, 2011); *Perkins v. Holder*, No. 13-CV-2874 (PAM/FLN) (D. Minn. filed Apr. 11, 2013). Nothing prevented Perkins from presenting the claim in his current habeas petition as part of any of these earlier habeas proceedings. Perkins would have been aware that he was not afforded a three-point reduction in offense level for acceptance of responsibility as long ago as the date on which he was sentenced in the criminal proceedings. Put another way, Perkins would have been aware of the factual basis for the claim now presented to this Court at the time he filed each of

4

his prior habeas petitions. Having failed to present this claim in any of these earlier petitions, Perkins may not do so now.

Second, the claim presented by Perkins is without merit on its face. As an initial matter, the habeas petition provides no basis for believing that Perkins should have been entitled to the reduction for acceptance of responsibility other than the fact that Perkins pleaded guilty to the offense at issue. But the Sentencing Guidelines in effect at the time of Perkins's sentencing provided expressly that "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction [for acceptance of responsibility] as a matter of right." U.S.S.G. § 3E1.1 (1989). Accordingly, Perkins has not made even a threshold showing that the refusal to afford him a three-point reduction in offense level was unlawful to begin with—or, for that matter, that the sentence imposed for his criminal offense would have been any different had the three-point reduction in offense level been applied. And even if Perkins could demonstrate that his term of imprisonment would have ended sooner if the sentencing court had applied the three-point reduction for acceptance of responsibility and sentenced Perkins to a shorter term of imprisonment, there is no reason to believe from the habeas petition that Perkins's civil-commitment proceedings would not also have been initiated sooner to account for this earlier release.[4]

---

[4] About two weeks prior to entry of the order civilly committing Perkins under § 4246, Perkins was indicted in the Eastern District of North Carolina on one count of having violated 18 U.S.C. § 113. *See United States v. Perkins*, No. 5-92-CR-0111-BO (E.D.N.C. filed Oct. 21, 1992). That prosecution was later dismissed on the grounds that Perkins was not competent to stand trial — a finding that, had Perkins not already been committed pursuant to § 4246, would likely have resulted in substantially similar civil-commitment proceedings being initiated against him pursuant to 18 U.S.C. § 4243.

For these reasons, it is recommended that the habeas petition be denied and this matter dismissed. Finally, because it is recommended that the habeas petition be denied, it is further recommended that Perkins's pending application to proceed *in forma pauperis* (Doc. No. 3) also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of habeas corpus of petitioner Victor B. Perkins (Doc. No. 1) be **DENIED**.

2. This matter be **DISMISSED**.

3. Perkins's application to proceed *in forma pauperis* (Doc. No. 3) be **DENIED**.

Dated: October 29, 2021                    *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).